PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIRSTENERGY FAMILY CREDIT UNION, INC., | ) ) ) | CASE NO. 5:12CV0864 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| FIRSTENERGY FEDERAL CREDIT UNION, INC., | ) ) ) ) | **PRELIMINARY INJUNCTION** |
| Defendant. | ) | [Resolving ECF No. 27] |

The within matter came on for hearing upon Plaintiff's Motion for Preliminary Injunction (ECF No. 27).

After notice to the parties, the Court held a hearing on the motion. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. The Court has also considered the oral arguments of counsel and statement of Diane Momeyer.

Four factors are important in determining whether a preliminary injunction is appropriate: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *Id.* at 1229. In balancing the four considerations applicable to preliminary injunction decisions, the Court holds that equitable relief is appropriate at this time.

(5:12CV0864)

Accordingly, Plaintiff's Motion for Preliminary Injunction (ECF No. 27) granted.

1.  Defendant FirstEnergy Federal Credit Union ("FirstEnergy Federal"), and all of its officers, agents, servants, employees, successors, representatives, assigns, attorneys, and others in active concert or participation with them, are preliminarily enjoined and restrained, collectively and individually, from using "FirstEnergy Federal Credit Union," "FirstEnergy Federal," "FirstEnergy FCU," "FEFCU," the *FirstEnergyFCU.com* domain name, and any other designation that incorporates or is confusingly similar to any of the "FirstEnergy Family Marks." For purposes of this Order, the "FirstEnergy Family Marks" are the FIRSTENERGY FAMILY CREDIT UNION, FIRSTENERGY FAMILY, FEFCU, and FIRSTENERGY FCU marks and the *fefcu.com* domain name.

2.  This Order shall become effective and enforceable on the date of its entry by the Clerk.

3.  This Order shall remain in effect pending disposition of this action on the merits.

4.  Based on the facts presented, Plaintiff shall give a bond in the amount of Ten Thousand Dollars ($10,000.00) as security.  Fed. R. Civ. P. 65(c).

IT IS SO ORDERED.

|  |  |
|---|---|
| November 7, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
|  | United States District Judge |