UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FirstEnergy Family Credit Union, Inc., | Case No. 5:12-cv-0864 |
| Plaintiff, | Judge Benita Y. Pearson |
| vs. | |
| FirstEnergy Federal Credit Union, | |
| Defendant. | |

**FirstEnergy Family Credit Union, Inc.'s**
**Reply Brief In Support Of Motion To Show Cause**

[T]he power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgment and decrees would be only advisory.

*Gompers v. Buck's Stove & Range Co.*
221 U.S. 418, 450 (1911)

It has now been three full weeks since this Court ordered FirstEnergy Federal to immediately change its name to something that does not infringe FirstEnergy Family's trademarks. Yet FirstEnergy Federal still has not selected a new name; it has not applied to the NCUA for approval of the a name, which it says is the first step; and it has not told this Court by what date it expects to select and apply for a new name. Instead, FirstEnergy Federal blames others for its failure to comply with the preliminary injunction order. It blames the National Credit Union Administration for an allegedly lengthy name approval process; it blames the

{4065440:2}

Case: 5:12-cv-00864-BYP  Doc #: 60  Filed: 11/28/12  2 of 9.  PageID #: 875

injunction order for not providing enough time; and it blames FirstEnergy Family for not agreeing to FirstEnergy Federal's proposed settlement terms.

Enough is enough. While FirstEnergy Federal waits to comply, actual confusion continue to occur.[1] The time has come for FirstEnergy Federal to finally take responsibility for its ill-advised name choice and failure to yield to the Court's authority, even if it takes strong civil contempt sanctions to coerce it to do so.

Because FirstEnergy Federal has not taken any real steps towards compliance, contempt sanctions are needed to send the message that the Court's orders must be respected, to coerce FirstEnergy Federal's compliance, and to compensate FirstEnergy Family for the irreparable harm and attorneys' fees that FirstEnergy Federal's disobedience has caused. The Court therefore should hold FirstEnergy Federal in contempt and exercise its discretion to fashion the sanction or sanctions it deems necessary and appropriate.

## REPLY ARGUMENT

By granting FirstEnergy Family's motion to show cause (ECF # 49), the Court has shifted the burden to FirstEnergy Federal to prove that it has taken all reasonable steps within its power to comply with the Court's order and still cannot comply. *See Electrical Workers Pension Trust Fund of Local Union #58 v. Gary's Electric Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). FirstEnergy Federal cannot

---

[1] The latest instance of actual confusion occurred on November 21, 2012, when a prospective customer indicated to FirstEnergy Family that he believed that FirstEnergy Federal was the Greenburg, Pennsylvania, branch of FirstEnergy Family. *See* Exhibit A, submitted herewith.

{4065440:2}                                    2

meet that burden by demonstrating subjective good faith. *See Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989) ("Good faith, however, is no defense for failure to comply with a court order enjoining certain conduct."). Instead, FirstEnergy Federal must come forward with evidence that it "took all reasonable steps within their power to comply with the court's order," *Glover v. Johnson,* 934 F.2d 703, 708 (6th Cir. 1991), that shows "categorically and in detail why [it] is unable to comply with the court's order." *Electrical Workers*, 340 F.3d at 379, *quoting Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).

FirstEnergy Federal's opposition brief and its attorney's affidavit do not show that it took all reasonable steps within its power to comply with the preliminary injunction and identify categorically and in detail why it could not. On the contrary, those papers show that FirstEnergy Federal has spent the last three weeks trying to avoid the Court's preliminary injunction, rather than comply with it. As shown below, everything that FirstEnergy Federal describes as "actions by defendant to comply" are, in fact, efforts to avoid the immediate name change ordered by this Court that are, by definition, insufficient to avoid a finding of contempt.

## I.    FirstEnergy Federal Admits It Has Not Chosen Or Sought Approval Of A New Name

FirstEnergy Federal states that it has tried to comply with the Court's order by convening and having "multiple discussions" with its board of directors to "set about identifying a list of potential new trade names." (Opp. at 2.) What FirstEnergy Federal does not offer is evidence showing "categorically and in detail" why it has been unable to move from talking about compliance to actual compliance.

FirstEnergy Federal cannot point to anything that disabled it from choosing a new name and applying for approval with NCUA immediately upon receiving the Court's order. Because it fails to do so, contempt findings and sanctions are appropriate.

## II.   FirstEnergy Federal Does Not Explain Why It Could Not Have Started The NCUA Approval Process Weeks Ago

Next, FirstEnergy Federal complains that the preliminary injunction did not give it enough time to comply and says it should be excused because it moved quickly after receiving the injunction order for a 90-day "grace period."  (Opp. at 1, 4.)  As an initial matter, through the parties' briefing and at the hearing on the injunction motion, the Court carefully considered how much time, if any, to give FirstEnergy Federal to complete its name change. Having considered the record evidence, including its direct questions on this issue at the November 6, 2012, hearing, the Court made its preliminary injunction order immediately effective. FirstEnergy Federal has not identified any just cause for its noncompliance or for the Court to reconsider its order with regard to timing.

Beyond that, motions to stay are not self-executing, so FirstEnergy Federal's filing of a stay motion does not excuse it from complying with the preliminary injunction. That is especially true now that this Court denied both of FirstEnergy Federal's stay motions *twelve* days ago. (ECF # 47.) Moreover, FirstEnergy Federal's stay motions were so lacking in legal and factual support that it is hard to believe that FirstEnergy Federal legitimately thought they would be granted. Its first motion (ECF # 40) consisted of just two pages, cited no factual evidence, had no legal citations, and did not identify, let alone analyze, the four-part legal standard

{4065440:2}                                              4

applicable to such motions. And its second motion (ECF # 43), a three-pager that this Court aptly described as "summarily" filed (*see* ECF # 47), was no better.

Both stay motions and FirstEnergy Federal's contempt brief offer by way of unsupported attorney argument that it will take 90 days to effect a name change and that it will break the law if it changes its name without approval from NCUA. FirstEnergy Federal, however, has never offered any evidence to justify that timeline. It therefore is entirely possible that, had it promptly requested approval for a new name, NCUA would already have acted. But in any event, FirstEnergy Federal never explains how NCUA's regulations have prevented it from at least starting that process. "A journey of a thousand miles begins with a single step." Lao Tzu, *The Way of Lao Tzu*.

Finally, as to FirstEnergy Federal's concerns over upsetting NCUA, it offers no evidence that NCUA would seek to enforce its regulations (if at all) in the face of an injunction, the procedure by which it would do so, or what the consequences of violating NCUA's regulations would be. It also does not acknowledge that it could have mitigated the consequences by, for example, operating under a non-infringing trade name while it waits for formal NCUA approval, or address whether it could in any way expedite the approval process. Regardless, having to obtain NCUA approval of a name change does not mean a name change cannot be made, nor does it explain why FirstEnergy Federal has not at least started the approval process.

### III.  The Parties' Settlement Discussions
### Do Not Excuse Disobeying A Court Order

FirstEnergy Federal also apparently believes that post-injunction settlement discussions between the parties can somehow excuse compliance with the preliminary injunction, because it spends much of its brief, and much if its attorney's affidavit, giving its rendition of settlement discussions. Settlement negotiations, however, are not a reason for ignoring a court order. *Simon v. Pay Tel Mgmt., Inc.*, 782 F. Supp. 1219, 1227 (N.D. Ill. 1991) (citing cases), *aff'd by* 952 F.2d 1398 (7th Cir. 1992). Contempt sanctions therefore are particularly warranted if FirstEnergy Federal has withheld its compliance with the Court's preliminary injunction as a way to improve its leverage to obtain a more favorable settlement. In any event, FirstEnergy Family repeatedly has communicated to FirstEnergy Federal that it remains willing to settle this case on essentially the same terms that it offered in advance of the initial Case Management Conference, but it understandably is reluctant to do so while FirstEnergy Federal remains in flagrant disregard of the preliminary injunction.

### IV.  FirstEnergy Corp.'s Licensing Offers
### Cannot Excuse FirstEnergy Federal's Contempt

FirstEnergy Federal also argues that FirstEnergy Corp.'s post-injunction request that both parties execute a license agreement with respect to the word "FirstEnergy" *standing alone* can somehow excuse it from immediately complying with the injunction order, which precludes it from infringing the FirstEnergy Family Marks *as a whole*. Not so. This Court has already has found that

FirstEnergy Corp. is not an indispensable party (ECF # 38), and his rejected FirstEnergy Federal's assertion that the license offer has "case-dispositive ramifications" (ECF # 49). But regardless of the impact, if any, of what FirstEnergy Corp. may have offered after the Court entered its preliminary injunction, the fact remains that the Court's injunction order remains in full force and effect. And neither FirstEnergy Corp.'s offer of a license under its rights to "FirstEnergy" standing alone, nor FirstEnergy Federal's immediate signing of the license, prevented FirstEnergy Federal in any way from complying with the Court's preliminary injunction order. Consequently, that evidence is irrelevant to whether FirstEnergy Federal is guilty of civil contempt.

## V.   The Court Has the Authority to Coerce FirstEnergy Federal's Compliance with the Preliminary Injunction

Finally, it is beyond dispute that the Court may, within its discretion, impose coercive sanctions that it deems reasonably necessary to coerce FirstEnergy Federal to comply with its order and ensure "full remedial relief" from FirstEnergy Federal's contempt. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 193 (1949). Thus, while FirstEnergy Federal understandably does not want the Court to impose any such coercive or remedial sanctions, that does not mean that the Court cannot or should not do so. The Court therefore should impose whatever sanctions it finds to be appropriate and necessary, which can include a daily monetary fine, ordering that FirstEnergy Federal no longer can use the word "FirstEnergy" as a part of its name, and finding that this case is "exceptional" such that FirstEnergy Family will be entitled to recover its fees and expenses under 15 U.S.C. § 1117(a).

## Conclusion

For the foregoing reasons, the Court should find FirstEnergy Federal guilty of civil contempt, as well as any other individuals deemed contemptuous by the Court, and issue appropriate sanctions to achieve FirstEnergy Federal's immediate compliance with the preliminary injunction, and to reimburse FirstEnergy Family for the attorney's fees and irreparable harm it has suffered as result of FirstEnergy Federal's contempt.

Respectfully submitted,

Dated:   November 28, 2012

_/s/   David T. Movius_____
David T. Movius (OH 0070132)
 *dmovius@mcdonaldhopkins.com*
Matthew J. Cavanagh (OH 0079522)
 *mcavanagh@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

*Counsel for*
*FirstEnergy Family Credit Union*

## Certificate of Service

I hereby certify that on November 28, 2012, a copy of the foregoing ***Reply Brief in Support of Motion to Show Cause*** was electronically served using the Court's Electronic Case Filing (ECF) system and the parties have been served by electronic notice through the Court's ECF system.

/s/ David T. Movius

*One of the Attorneys for*
*FirstEnergy Family Credit Union*
