PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIRSTENERGY FAMILY CREDIT UNION, INC., | ) ) ) | CASE NO. 5:12CV0864 |
| Plaintiff, | ) ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| FIRSTENERGY FEDERAL CREDIT UNION, | ) ) ) ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 41] |

Pending is Plaintiff's Motion for Order to Show Cause (ECF No. 41). For good cause shown, the motion is granted.

After notice to the parties, the Court held a hearing on the motion. The Court has been advised, having reviewed the parties' briefs and evidentiary submissions, and the applicable law. The Court has also considered the oral arguments of counsel, the testimony of Diane Momeyer, David Friend, and David S. Winston, Esq., as well as the entire record in this matter, and being otherwise advised, herein enters its findings of fact and conclusions of law in support of the finding of civil contempt of Court.

**FINDINGS OF FACT**

1. Despite entry and service of the Preliminary Injunction (ECF No. 39), Defendant FirstEnergy Federal Credit Union continues using "FirstEnergy Federal Credit Union,"

(5:12CV0864)

"FirstEnergy Federal," "FirstEnergy FCU," "FEFCU" and the FirstEnergyFCU.com domain name in contravention of the express prohibitions of that order.

2. The Court's Preliminary Injunction (ECF No. 39) has been resisted and disobeyed by Defendant FirstEnergy Federal Credit Union, Diane Momeyer (President/CEO of Defendant), the Board of Directors of Defendant, J. Matthew Pritchard, Esq., and Cecilia R. Dickson, Esq.

3. "Knowing that other motions were pending before the Court and not wanting to withhold material information from the Court, Defendant's counsel determined that it would, via written communication copied to all counsel of record, alert the Court to the existence of the license agreements and the communication from FirstEnergy Corp. so as not to withhold information that may prove case-dispositive." Declaration of J. Matthew Pritchard, IV (ECF No. 52-1) at ¶ 27. In a letter dated November 16, 2012, Attorney Pritchard wrote: "It is our belief that the demand by FirstEnergy Corp. for a license from both parties, and the execution of that license at least by my client, has case-dispositive ramifications."

4. The disobedience or resistance has been malicious, willful and deliberate, as distinguished from an accidental, inadvertent or negligent violation. One example is the signature of Diane Momeyer on the Trademark License Agreement (ECF No. 52-1 at 29-31), which was extended after the Court's Preliminary Injunction (ECF No. 39) was in place.

5. The deliberate or intended violation of the Court's Preliminary Injunction (ECF No. 39) has been shown by clear and convincing evidence.

6. In view of Defendant FirstEnergy Federal Credit Union's contempt, its continuing infringement and the Court's expectation that it intends to continue infringing based upon the

(5:12CV0864)

testimony given during the hearing, this is an "exceptional" case under 15 U.S.C. § 1117(a), such that Plaintiff will be entitled to recover its attorney fees and expenses in the event Defendant ultimately is found liable after a trial on the merits.

**CONCLUSIONS OF LAW**

1. A federal court has the power to impose civil or criminal sanctions on a party and/or attorney who fails to comply with a lawful, specific court order. Pursuant to 18 U.S.C. § 401(3), a court may punish contempt of its authority, including resistance to its orders. *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994).

2. 18 U.S.C. § 401(3) provides:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
> \* \* \*
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

3. Violation of a definite and specific court order must be shown by clear and convincing evidence before sanctions can be imposed for violation of the order. *Grace v. Center for Auto Safety*, 72 F.3d 1236, 1243 (6th Cir. 1996).

4. By virtue of the conduct the Court described on the record, Defendant FirstEnergy Federal Credit Union, Diane Momeyer (President/CEO of Defendant), the Board of Directors of Defendant, J. Matthew Pritchard, Esq., and Cecilia R. Dickson, Esq., (a.k.a. "Contemnors") are hereby adjudged guilty of civil contempt of Court in violation of 18 U.S.C. § 401(3) for failing to comply with the Preliminary Injunction (ECF No. 39) entered on November 7, 2012.

(5:12CV0864)

  5. The Court hereby imposes a fine of $1,000 per day that Defendant FirstEnergy Federal Credit Union remains noncompliant with the Preliminary Injunction (ECF No. 39). The fine is imposed jointly and severally upon the Contemnors.

  6. The conduct of Defendant FirstEnergy Federal Credit Union, Diane Momeyer (President/CEO of Defendant), the Board of Directors of Defendant, J. Matthew Pritchard, Esq., and Cecilia R. Dickson, Esq. makes this case exceptional within the meaning of 15 U.S.C. § 1117(a) and Plaintiff is entitled to its reasonable attorney fees and expenses. Plaintiff shall, therefore, recover of Defendant FirstEnergy Federal Credit Union, Diane Momeyer (President/CEO of Defendant), the Board of Directors of Defendant, J. Matthew Pritchard, Esq., and Cecilia R. Dickson, Esq., jointly and severally, its attorney fees and expenses.

  The Court must now determine the amount of such award. Therefore, the Court will allow the prevailing party to offer evidence of fees and expenses and allow the nonprevailing party to challenge the reasonableness of them.

  If it has not already been done, counsel for Plaintiff shall immediately provide counsel for Defendant with a full and complete record of the expenses and billable time charged by the separate attorneys and law clerks for the work performed in the case at bar in prosecuting and pursuing Plaintiff's Motion for Order to Show Cause (ECF No. 41).

  At the close of this case, Plaintiff shall serve and file a supplemental memorandum in support of its application for an award of attorneys fees and expenses against Defendant FirstEnergy Federal Credit Union, Diane Momeyer (President/CEO of Defendant), the Board of Directors of Defendant, J. Matthew Pritchard, Esq., and Cecilia R. Dickson, Esq.

(5:12CV0864)

7.  The "safe distance rule" was first articulated by the Sixth Circuit in *Broderick & Bascom Rope Co. v. Manoff*, 41 F.2d 353, 354 (6th Cir. 1930).  The Court declines at this time to invoke the "safe distance rule" to order that Defendant FirstEnergy Federal Credit Union may not use the compound word "FirstEnergy" to comply with the Preliminary Injunction (ECF No. 39).

8.  Defendant FirstEnergy Federal Credit Union, Diane Momeyer (President/CEO of Defendant), the Board of Directors of Defendant, J. Matthew Pritchard, Esq., and Cecilia R. Dickson, Esq. may file and serve a written motion on November 29, 2012, if they want to request a stay of execution of the within Order pending appeal.


      IT IS SO ORDERED.


 November 29, 2012                      */s/ Benita Y. Pearson*
Date                                 Benita Y. Pearson
                                      United States District Judge